UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JORGE RODRIGUEZ-LUCA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:01-CR-151; 3:16-CV-243 |
| ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court are Petitioner Jorge Rodriguez-Luca's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and the United States' motion to deny the petition and dismiss the action with prejudice [Docs. 1, 9].[1] Also pending before the Court are Petitioner's supplement objecting to the summaries in his Presentence Investigation Report ("PSR"), his supplement regarding the mandatory United States Sentencing Guidelines, the United States' response to the supplement, Petitioner's reply to the United States' response, and the United States' supplemental response to Petitioner's supplement [Docs. 7, 12, 14, 18-19]. For the reasons that follow, the Court will GRANT the United States' motion to deny and dismiss this action [Doc. 9].

### I. RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

A jury convicted Petitioner of conspiring to distribute at least fifty grams of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; attempting to possess with intent to distribute at least fifty grams of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and illegally reentering the United States after removal following a conviction

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 3:16-CV-243.

for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2) [Doc. 94, Case No. 3:01-CR-151]. In Petitioner's later-prepared PSR, the probation officer determined that Petitioner had at least two prior felony convictions for crimes of violence or controlled substance offenses and that those prior convictions produced an enhanced statutory range of penalties of ten years up to life imprisonment (for the methamphetamine offenses) and up to twenty years' imprisonment (for the illegal reentry offense) [PSR at ¶¶ 47-48, 69; Doc. 54, 21 U.S.C. § 851 Notice of Enhancement, listing 1997 Minnesota controlled substance offense, Case No. 3:01-CR-151].

Petitioner was classified as a career offender based on his prior convictions, *see* USSG § 4B1.1, and was sentenced to a total sentence of 360 months' imprisonment (consisting of two, concurrent 360-month terms for the drug convictions and a 240-month term for the illegal reentry conviction, concurrent to the two 360-month terms) [PSR at ¶ 39, Doc. 128, Judgment, Case No. 3:02-CR-151]. On direct review, Petitioner's conviction and sentence were affirmed [Doc. 144, *United States v. Rodriguez-Luca*, No. 03-5444 (6th Cir. Nov. 1, 2004) (order), Case No. 3:01-CR-151]. Petitioner did not pursue certiorari review in the Supreme Court. On May 13, 2016, acting pro se, he filed his motion to vacate, followed in June by his counseled supplement [Docs. 1, 7].[2]

Petitioner's § 2255 motion relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague [Docs. 1, 2, Supporting Memorandum]. *Johnson*, 135 S. Ct. at 2563 (holding "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process"). Petitioner argued that *Johnson*'s reasoning applied to invalidate his career-offender classification under the residual clause of the

---

[2] In the attorney-filed supplement to the § 2255 motion [Doc. 7], Petitioner urges the Court not to consider the summaries in the PSR when reviewing his collateral challenge to his career offender enhanced sentence [Doc. 7]. The Court finds that Petitioner's request was rendered irrelevant under the holding in *Beckles*, as noted later in the Opinion, and, thus, that his supplement need not be discussed further.

Guidelines, thus entitling him to the removal of the enhancement and to resentencing "without the career offender guideline application" [Doc. 1 at 4, 8, Doc. 2 at 9-10]. The Court stayed the case pending the Supreme Court's issuance of a decision as to *Johnson*'s impact on the Guidelines [Doc. 168, Case No. 3:01-CR-151]

On March 6, 2017, the Supreme Court handed down its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Ten days later, the Court entered an order advising the parties of its intent to deny summarily Petitioner's § 2255 motion with prejudice based on *Beckles* and inviting them to file timely motions if they disagreed with the Court's contemplated action [Doc. 8].

Petitioner accepted the invitation and filed a supplement [Doc. 12]. Petitioner argued in the supplement that he was sentenced under the mandatory Guidelines, as distinguished from the advisory Guidelines that *Beckles* concluded were not subject to vagueness attacks. Petitioner thus maintained that *Beckles* had no impact on his request for § 2255 relief because *Beckles* did not exempt the *mandatory* Guidelines from such an attack [*Id.* at 2].

The United States responded to the supplement, asserting that *Johnson* did not recognize the rule Petitioner was advancing, i.e., that the mandatory Guidelines career offender provision was unconstitutionally vague, and that Petitioner was asking the Court to apply a new rule or to extend the rule in *Johnson* to mandatory Guidelines [Doc. 15]. The United States reasoned that because Petitioner was not sentenced under the ACCA and because the Supreme Court did not make *Johnson* retroactive to Guidelines cases on collateral review, Petitioner had failed to show that *Johnson* authorized the relief he sought [*Id.* at 4, 7]. The United States also maintained that, since *Johnson* had not been made retroactive to Guidelines cases, the decision did not reset §

3

2255(f)(3)'s one-year limitation statute in Petitioner's case, meaning that his § 2255 motion, filed eleven years too late under § 2255(f)(1), was subject to dismissal as untimely [*Id.* at 4 n.3].

In reply, Petitioner argued, in the main, that *Beckles* had no effect on his *Johnson* challenge to the career offender provision in the mandatory Guidelines; that he was relying on the rule in *Johnson*, not on a new rule; and that his § 2255 motion was timely because he filed it within one year after *Johnson* was handed down [Doc. 18]. The United States supplemented its response in opposition to Petitioner's supplement, citing to *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), as further support for its arguments that Petitioner is ineligible for relief under *Johnson* and that his § 2255 motion should be dismissed as untimely [Doc. 19].

## II. DISCUSSION

Petitions under 28 U.S.C. § 2255 asking for collateral relief are subject to a one-year statute of limitation, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitation is triggered for claims based on a right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Under subsection one, i.e., § 2255(f)(1), the one-year limitations period begins to run on the date a conviction becomes final. The Sixth Circuit decided Petitioner's direct appeal on November 1, 2004 [Doc. 144, Case No. 3:01-CR-151]. As noted, Petitioner did not seek certiorari review in the Supreme Court. Hence, ninety days later, upon the lapse of the period for petitioning the Supreme Court for certiorari review, *see* Sup. Ct. R. 13.1, Petitioner's conviction became final. *Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's

affirmation of the conviction"). The ninetieth day fell on Monday, January 31, 2005 (November 2, 2004, plus ninety days).[3] Petitioner filed his § 2255 motion on May 13, 2016, more than eleven years too late under § 2255(f)(1).

Under subsection three, a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). As the Court has observed, *Beckles* concluded that the advisory Guidelines residual clause in USSG 4B1.2(a), unlike the residual clause in the ACCA that *Johnson* struck down as unconstitutionally vague, is not subject to a void-for-vagueness challenge. *Beckles*, 137 S. Ct. at 892. Because Petitioner does not identify any new right recognized by the Supreme Court and made retroactive on collateral review that would trigger a new statute of limitations for a claim arising under the mandatory Sentencing Guidelines, § 2255(f)(3) affords him no refuge.

The Court's conclusion that § 255(f)(3) affords Petitioner no time-bar sanctuary is bolstered by the holding in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2661, 201 L. Ed. 2d 1058 (2018). In *Raybon*, the Sixth Circuit explained that the law was unsettled as to whether *Johnson* applies to the residual clause in the mandatory Guidelines, the import of which is that *Johnson* did not hand down a newly recognized right to have a guideline range determined under the mandatory Guidelines, without the use of a vague career offender residual clause. *Raybon*, 867 F.3d at 630 ("Because [*Johnson*'s application to mandatory sentencing guidelines] is an open question, it is not a 'right' that 'has been newly recognized by

---

[3] Rule 6(a)(1) of the Federal Rules of Civil Procedure directs that the day of the event that triggers a period that is stated in days is excluded from the computation of that period. *See* Rule 12, Rules Governing § 2255 Proceedings (permitting application of the Federal Rules of Civil Procedure that are not inconsistent with statutory provisions or the § 2255 Rules). Therefore, the computation of Petitioner's 90-day period excludes November 1, 2004, and starts on November 2, 2004.

5

the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'"). *Raybon* confirms that Petitioner's § 2255 motion, asserting a single J*ohnson*-based claim, is untimely under § 2255(f)(3). *Raybon*, 867 F.3d at 630-31 (observing that § 2255(f)(3) does not save an untimely motion seeking "the recognition of a new right . . . —that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines"); *see also*, *Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018) (explaining that "the timeliness of [a movant's] claim depends on whether he is asserting the right initially recognized in *Johnson* or whether he is asserting a different right that would require the creation of a second new rule"), *cert. denied*, 139 S. Ct. 1297 (2019).

As the above discussion makes evident, *Johnson* has no application in Petitioner's case, and his sentencing claim constructed on *Johnson* provides no basis for relief and is untimely under both §§ 2255(f)(1) and (f)(3). Because Petitioner has not alleged, and the record does not disclose, that equitable tolling of § 2255(f)'s limitation statute is appropriate in his case, his motion to vacate is untimely.

## III. CONCLUSION

Based on the above reasoning, the United States' motion to deny and dismiss Petitioner's § 2255 motion [Doc. 9] will be GRANTED and his § 2255 motion will be DENIED and DISMISSED.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling.  *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).  If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue.  *Slack*, 529 at 484.

Having examined Petitioner's *Johnson* claim under the *Slack* standard, the Court finds that reasonable jurists could not find that its rulings on the claim were debatable or wrong.  Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion and could not conclude that issue offered in the motion is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will DENY issuance of a certificate of appealability.  Fed. R. App. P. 22(b).  The Court will CERTIFY that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and consequently will DENY Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge